MOTORISTS MUTUAL INSURANCE COMPANY, Appellee and Cross–Appellant,

v.

NUSSBAUM et al., Appellants and Cross–Appellees.

[Cite as *Motorists Mut. Ins. Co. v. Nussbaum* (1994), 107 Ohio App.3d 562.]

Court of Appeals of Ohio,
Fifth District, Stark County.

No. 1994CA00104.

Decided Dec. 5, 1994.

*Day, Ketterer, Raley, Wright & Rybolt* and *Merle D. Evans III*, for appellee and cross-appellant.

*Scanlon & Gearinger Co., L.P.A.,* and *Maura E. Scanlon,* for appellants and cross-appellees.

---

READER, Judge.

On November 30, 1991, appellant and cross-appellee Leslie E. Nussbaum's truck collided with a car driven by William Valentine. Valentine and a friend stole the car he was driving from Progressive Chevrolet. Valentine was a minor at the time of the accident. Before the accident, Nussbaum was driving south on Alabama Avenue. Valentine was also driving south on Alabama, behind Nussbaum. When Nussbaum attempted to make a U-turn, Valentine struck Nussbaum in the northbound lane. Valentine crossed left-of-center before the collision and struck the driver's side of Nussbaum's truck.

At the time of the accident, appellee and cross-appellant Motorists Mutual Insurance Company ("Motorists") insured the Nussbaums under a policy of automobile insurance. This policy also provided the Nussbaums with uninsured motorist coverage.

Jan Smith is Valentine's mother. Smith signed Valentine's application for a probationary driver's license. At the time of the accident, Valentine had a valid driver's license. Smith was insured under a policy of automobile insurance, and a policy of homeowner's insurance. However, at the time of the accident, no policy of insurance issued to Smith insured Valentine while he was driving the car stolen from Progressive. Further, Progressive's liability insurance did not cover Valentine.

Around December 2, 1991, Nussbaum's insurance agent gave appellee a notice of automobile loss. Motorists investigated the accident. On May 13, 1992, Motorists' claims adjuster determined that Nussbaum was forty to fifty percent negligent, while Valentine was fifty to sixty percent negligent. Motorists denied the claim for uninsured benefits, taking the position that Nussbaum was more than fifty percent at fault for the accident.

The Nussbaums sued Valentine and Smith. The Nussbaums' attorney notified Motorists of the suit, including a copy of the complaint. Motorists responded, restating its position that Nussbaum was more than fifty percent negligent. Because of its position on liability, Motorists did not take an interest in the suit against Valentine and Smith.

On October 16, 1992, the Nussbaums took judgment against Valentine, dismissing their claims against Smith with prejudice. On October 30, 1992, the Stark County Common Pleas Court conducted a hearing on damages. Following the hearing, the court awarded judgment to Leslie Nussbaum in the amount of $250,000 against Valentine, and to Cheryl Nussbaum in the amount of $25,000 (loss of consortium).

Motorists filed the instant action in the Stark County Common Pleas Court seeking a declaratory judgment that Motorists had no duty to pay uninsured benefits to the Nussbaums because they failed to notify Motorists of the dismissal of Smith from the lawsuit, breaching the insurance contract. The case was submitted to the court on stipulated facts. The court declared that the Nussbaums breached their contract with Motorists by failing to notify Motorists of the dismissal of Smith, and therefore, Motorists was relieved from any obligation to provide uninsured benefits.

■ The Nussbaums assign one error on appeal:

"The trial court erred in rendering judgment on the pleadings in favor of the plaintiff-appellee-cross-appellant, Motorists Mutual Insurance Company, with respect to the trial court's finding that the Nussbaums broke their contractual or statutory duty to Motorists, such that the Nussbaums are prohibited from pursuing their claim for uninsured motorists benefits."

Appellants argue that Motorists waived the right to notice of dismissal of Smith by denying coverage. We note at the outset that Motorists denied the *claim* for benefits, and did not deny coverage.

■ Based upon the established common law of the state, and further strengthened by R.C. 3937.18, a subrogation clause is reasonably includable in uninsured motorist contracts. *Bogan v. Progressive Cas. Ins. Co.* (1988), 36 Ohio St.3d 22, 521 N.E.2d 447, at paragraph four of the syllabus. Such a clause is, therefore, a valid and enforceable precondition to the insurer's duty to provide insured coverage. *Id.* An insured who destroys his insurer's subrogation rights without the knowledge of the insurer does so at his peril. *McDonald v. Republic–Franklin Ins. Co.* (1989), 45 Ohio St.3d 27, 31, 543 N.E.2d 456, 460.

Appellants' reliance on *Sanderson v. Ohio Edison Co.* (1994), 69 Ohio St.3d 582, 635 N.E.2d 19, is misplaced. In *Sanderson,* the insurer breached an absolute

contractual duty to defend the insured in an action against the insured. The insured settled the underlying lawsuit without notifying the insurer. The Ohio Supreme Court held that by unjustifiably refusing to defend the action against the insured, the insurer gave up its right to control the litigation, and the insured was entitled to make a reasonable settlement without prejudice to the insured's rights under the contract. *Id.* at paragraph two of the syllabus.

In the instant action, appellants have not alleged that Motorists breached an absolute duty to defend. Further, assuming *arguendo* that *Sanderson* applies outside the particular type of contract at issue in that case, appellants did not demonstrate on the stipulated facts of this case that Motorists' denial of the claim was unjustifiable. By taking judgment against Valentine and dismissing Smith, the appellants have precluded a legal determination of the percentage of Nussbaum's negligence in the accident.

We agree with the analysis of the trial court. Appellants dismissed a valid claim against Smith, who was statutorily liable for the acts of her son. Valentine had no assets to satisfy the judgment. Appellants received nothing in return for the dismissal. Appellants destroyed Motorists' subrogation rights against the only party who potentially had assets to satisfy the judgment.

█ Appellants also claim that Motorists only had subrogation rights as to Valentine, the uninsured motorist.

R.C. 3937.18(E) provides in pertinent part:

"In the event of payment to any person under the coverages required by this section and subject to the terms and conditions of such coverages, the insurer making such payment to the extent thereof is entitled to the proceeds of any settlement or judgment resulting from the exercise of any rights of recovery of such person against any person or organization legally responsible for the bodily injury or death for which such payment is made, including any amount recoverable from an insurer which is or becomes the subject of insolvency proceedings, through such proceedings or in any other lawful manner. * * * "

Pursuant to R.C. 4507.07(B), Smith was jointly and severally liable for the acts of Valentine. The liability of Smith and Valentine were inextricably intertwined: if Valentine was liable for the accident, Smith was also liable in the same proportion as Valentine. Clearly, had this case proceeded to judgment against Smith and Valentine, Motorists would have had subrogation rights as to the judgment against Smith.

The assignment of error is overruled.

Motorists has filed one assignment of error on cross-appeal, conditional on our reversal of the determination that Motorists had no duty to provide uninsured

motorist coverage. As we have overruled the assignment of error on appeal, we need not reach the cross-appeal.

The judgment of the Stark County Common Pleas Court is affirmed.

*Judgment affirmed.*

WILLIAM B. HOFFMAN, P.J., and SMART, J., concur.