OPINION
Defendant Indiana Insurance Company appeals a summary judgment of the Court of Common Pleas of Stark County, Ohio, entered in favor of plaintiff Sean E. Mumaw on his complaint for uninsured motorist coverage to compensate him for injuries he received in a collision between his employer's motor vehicle and a Conrail freight train. Appellant assigns a single error to the trial court:
ASSIGNMENT OF ERROR
 THE TRIAL COURT ERRED IN GRANTING PLAINTIFF-APPELLEE'S MOTION FOR SUMMARY JUDGMENT ON THE ISSUE OF ENTITLEMENT TO UNINSURED MOTORIST BENEFITS BY JUDGMENT ENTRY OF APRIL 1, 1998.
The record indicates Mumaw was a passenger in a Stanley Steamer van owned by defendant CKM Carpet Cleaning, Inc., and operated by Mumaw's co-worker, Jeffrey R. Bryan, on January 11, 1995. Bryan drove the vehicle into the side of the Conrail freight train at a railroad crossing in Stark County, Ohio, resulting in the death of Bryan and serious injuries to Mumaw. CKM and Bryan's estate, who are not parties to this appeal, were covered by a policy of insurance issued by Indiana Insurance Company. The policy is a commercial auto policy containing an endorsement for Ohio uninsured motorist coverage.
The Indiana Insurance Company policy excludes liability coverage for an accident where a fellow employee causes an injury, and where the injured employee is entitled to receive Workers' Compensation. Therefore, the trial court found with respect to Mr. Mumaw, the driver of the van was an uninsured motorist. For this reason, the endorsement for uninsured motorist benefits is the section under which Mumaw's claim must be viewed.
Mumaw accepted a settlement offer from Conrail, and the parties dispute whether Mumaw notified Indiana of the prospective settlement, and gave Indiana the opportunity to consent. Indiana asserts it was not notified of Mumaw's proposed settlement with Conrail, and argues pursuant to the provision of the policy in effect at the time, Mumaw's failure to give Indiana notice of and the right to consent to the settlement is a violation of the preconditions for recovery under the uninsured motorist provisions.
Indiana's statement pursuant to Loc. R. App. 4 asserts the trial court's summary judgment was inappropriate both as a matter of law on the undisputed facts, and also because a genuine issue of material fact exists, regarding whether Indiana received notice of, and the right to consent to, the settlement with Conrail.
The trial court filed a succinct two page judgment, finding the parties agree the Conrail freight train was not an uninsured motor vehicle as the term is defined in the policy. The court concluded any bodily injury caused by the train is not a covered loss under the underinsured motorist portion of the policy, and as a result, Indiana has no right of subrogation with respect to the Conrail settlement.
The trial court cited the Supreme Court's decision in Boganvs. Progressive Casualty Insurance Company (1988), 36 Ohio St.3d 22, wherein the court found the issue of whether the policy requirement of advance consent is enforceable as a bar to underinsured motorist coverage must be determined from the effect of the settlement. The trial court found Mumaw's settlement with Conrail did not affect Indiana's right of subrogation, and for this reason, Indiana cannot assert Mumaw's acceptance of the settlement offer operates to preclude him from recovering uninsured motorist benefits. The court cited Lumberman's MutualCasualty Company vs. McKinley (August 4, 1988), Cuyahoga App. # 53934, unreported, as similar to the case at bar.
In Lumberman's, Ms. McKinley slipped and fell in Rockport's parking lot as she avoided being struck by an uninsured motorist. McKinley recovered from Rockport, and then sought to recover from her own uninsured motorist coverage. The Court of Appeals for Cuyahoga County found the shopping center was clearly not within the limited class of tortfeasors for which uninsured motorist coverage must be provided pursuant to Ohio law. The court found the shopping center's liability did not arise out of the ownership, maintenance, or use of an uninsured motor vehicle, but rather arose out of the condition of its premises and McKinley's status as an invitee thereon. The court concluded because the loss allegedly caused by the shopping center was not a covered loss under the uninsured motorist's provision, it follows McKinley's settlement of the claim with Rockport did not defeatLumberman's right to be subrogated for her claim. The court concluded while an uninsured motorist carrier has the right of subrogation against the uninsured motorist, the right of subrogation does not extend to a joint tortfeasor for whose negligence no uninsured motorist carrier has made a payment under its policy. The McKinley court concluded the consent to settlement exclusion does not bar McKinley from seeking uninsured motorist coverage because of her settlement with a tortfeasor other than an uninsured motorist.
By contrast, here, Indiana cites us to our case of MotoristMutual Insurance Company vs. Nussbaum (1994),107 Ohio App.3d 562. In Nussbaum, the plaintiff was injured when a minor stole a car from the local automobile dealership, and struck Nussbaums' truck. Nussbaums took judgment against the minor, and dismissed their claims against his mother with prejudice. The minor's mother was jointly and severally liable with her minor son because she signed the application for the minor's probationary driver's license. In Nussbaum,
we found the insured's dismissal of the parent from the personal injury action without providing proper notice to the insurer destroyed the insurer's subrogation rights as against the parent, and relieved the insurer from any obligation to pay uninsured motorist benefits.
Here, we must first look to the language of the insurance policy. The endorsement entitled Ohio Uninsured Motorists Coverage provides in pertinent part:
(A) COVERAGE
 1. We will pay all sums the "insured" is legally entitled to recover as damages from owner-driver of the "uninsured motor vehicle" because of "bodily injury" caused by an accident. The owner's or driver's liability for these damages must result from the ownership, maintenance or use of the "uninsured motor vehicle."
We find the trial court was correct in concluding the clear language of the policy excludes Mumaw's claim against Conrail from the definition of an uninsured motorist claim. The policy permits Mumaw to recover damages for bodily injury from an owner or driver's liability arising out of an uninsured motor vehicle. By no stretch of the imagination is Conrail's freight train an uninsured motor vehicle. Thus, the plain meaning of the contract language between the parties excludes Conrail's liability, as the trial court correctly found. We also find no conflict with theNussbaum, supra, as cited by Indiana. In Nussbaum, the tortfeasor's mother's liability was statutorily imposed because of the minor's use of the uninsured motor vehicle. We find this case is much more similar to Lumbermans, supra, where Rockport's liability arose out of its maintenance of its premises. Similarly, here, any liability of Conrail arising not out of the use of any motor vehicle, but rather, out of the condition of its premises and/or its freight trains.
Civ.R. 56(C) provides a trial court may enter a summary judgment if it finds the moving party is entitled to judgment as a matter of law. We find the trial court correctly found appellant was entitled to judgment as a matter of law, and as such, properly entered summary judgment in favor of Mumaw.
The assignment of error is overruled.
For the foregoing reasons, the judgment of the Court of Common Pleas of Stark County, Ohio, is affirmed.
By Gwin, J., Farmer, P.J., and Hoffman J., concur.
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Stark County, Ohio, is affirmed. Costs to appellant.