This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Plaintiff-Appellant Sarah Thorley has appealed an order of the Summit County Court of Common Pleas that granted summary judgment in favor of third party Defendant-Appellee Westfield Insurance Company ("Westfield"). This Court affirms.
 I
On October 7, 1998, Appellant's mother, Anna Helen Metheney, was killed in an automobile accident. Rebecca Rogers, the motorist responsible for the accident, was insured through Liberty Mutual Insurance. On June 19, 2000, Appellant entered into a settlement and release of Rogers for the $50,000.00 limit of Rogers' policy. Appellant subsequently brought a wrongful death suit against American States Preferred, a Safeco Company ("Safeco"), to recover under Safeco's uninsured/underinsured motorist coverage policy.
Safeco joined Westfield as a third party defendant under Scott-Pontzerv. Liberty Mut. Fire Ins. Co. (1999), 85 Ohio St.3d 660. At the time of the accident, Appellant was an employee of the University of Akron, which had a one million dollar commercial automobile policy with Westfield. On February 22, 2001, Appellee was notified of Appellant's uninsured/underinsured claim.
In June 2001, Westfield filed its motion for summary judgment. On October 10, 2001, the trial court granted summary judgment in favor of Westfield. Appellant has appealed the decision, asserting three assignments of error. For ease of discussion, Appellant's first and second assignments of error will be addressed simultaneously.
 II
An appellate court reviews a lower court's entry of summary judgment denovo, applying the same standard used by the trial court. Aufdenkamp v.Allstate (Jan. 19, 2000), Lorain App. No. 98CA007269, unreported. Pursuant to Civ.R. 56, summary judgment is appropriate when (1) there is no genuine issue as to any material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, who is entitled to have the evidence construed most strongly in his favor. Harless v. WillisDay Warehousing Co. (1978), 54 Ohio St.2d 64, 66.
 Assignment of Error Number One The Court erred in ruling that [Appellant's] failure to notify Westfield prior to settlement with the tortfeasor destroyed Westfield's subrogation rights in violation of the policy, and entitled Westfield to summary judgment.
 Assignment of Error Number Two The Court erred in ruling that [Appellant's] "late notice" to Westfield violated the terms of the policy, and as a precondition, entitled Westfield to summary judgment.
In her first assignment of error, Appellant has argued that she is entitled to underinsured motorist coverage under Westfield's policy with the University of Akron despite the status of Westfield's subrogation rights because she asserts she could not have known about the possibility of Westfield's coverage when she settled with Rogers. Appellant has also asserted that subrogation violates the intent of R.C. 3937.18. In her second assignment of error, Appellant has argued that Westfield received prompt and reasonable notice under the circumstances and was not prejudiced by any notice delays. Appellant has asserted that she was not bound by the notice requirement in the policy because, at the time of the accident, she could not anticipate that Westfield would be liable. This Court finds no merit in Appellant's assertions.
Appellant's contention that she could not have known about the possibility of Westfield's coverage when she settled with Rogers is without merit. Scott-Pontzer, which gave Appellant the right to underinsured motorist coverage through her employer's insurance policy, was decided on June 23, 1999. Scott-Pontzer, 85 Ohio St.3d 660. Appellant settled with Rogers on June 19, 2000, nearly a year after Scott-Pontzer
was decided. Appellant did not inform Westfield of the accident, the settlement and release of Rogers, or the underinsured motorist claim until February 22, 2001, over a year and a half after the Scott-Pontzer
decision. Almost a year passed from the release of the Scott-Pontzer
decision until Appellant settled with Rogers; in this case, Appellant had more than ample time to learn of the new method of recovery and act accordingly. Appellant has not presented any evidence to support her claim that she could not have known of her coverage under Westfield's policy with the University of Akron. Therefore, based on the foregoing, this Court finds that Appellant's assertion that she was excused from complying with the insurance contract as it related to subrogation and notice, because she could not have known of Westfield's coverage, is without merit.
Appellant has also asserted that subrogation is against the intent of R.C. 3937.18. This Court finds no merit in that assertion. R.C. 3937.18
provides for uninsured and underinsured motorist coverage. "The purpose of uninsured motorist coverage is to protect persons from losses which, because of the tortfeasor's lack of liability coverage, would otherwise go uncompensated." Moore v. State Auto. Mut. Ins. Co. (2000),88 Ohio St.3d 27, 31.
Contrary to Appellant's claim, subrogation clauses are consistent with public policy and do not violate the intent of R.C. 3937.18. See BlueCross Blue Shield Mut. of Ohio v. Hrenko (1995), 72 Ohio St.3d 120,123. In fact, subrogation is included in R.C. 3937.18(E)[1], which states:
 In the event of payment to any person under the coverages offered under this section and subject to the terms and conditions of such coverages, the insurer making such payment to the extent thereof is entitled to the proceeds of any settlement or judgment resulting from the exercise of any rights of recovery of such person against any person or organization legally responsible for the bodily injury or death for which such payment is made[.]
Furthermore, subrogation clauses have been found to be "valid and enforceable precondition[s] to [an insurer's] duty to provide underinsured motorist coverage." McDonald v. Republic-Franklin Ins. Co. (1989), 45 Ohio St.3d 27, 29, quoting Bogan v. Progressive Cas. Ins. Co. (1988), 36 Ohio St.3d 22, paragraph four of the syllabus; see, also,Motorists Mut. Ins. Co. v. Nussbaum (1994), 107 Ohio App.3d 562, 564. This Court has previously stated:
 It is * * * both just and reasonable [for] an insurer [to] require [compliance with a subrogation clause] as a precondition to coverage, not that such subrogation rights will result in reimbursement to the insurer, but that the injured party not compromise with the tortfeasor in such a way as to destroy the insurer's subrogation right. Such compromise clearly prejudices the subrogation right of the injured party's insurer.
(Emphasis sic.) (Quotations omitted.) Colegrove v. Weyrick (May 6, 1998), Summit App. No. 18290, unreported at 14. Therefore, this Court finds that subrogation clauses do not violate the intent of R.C. 3937.18.
With Appellant's other arguments disposed of, notice becomes the key issue for Appellant's first and second assignments of error. An appellate court reviews a trial court's finding regarding compliance with a notice requirement in an insurance contract under an abuse of discretion standard. Grabits v. Jack (Dec. 20, 2001), Jefferson App. No. 00JE41, unreported, 2001 Ohio App. LEXIS 5800 at 9, citing Ohio HistoricalSociety v. General Maintenance Engineering Co. (1989),65 Ohio App.3d 139, 147. "The term `abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." State v. Adams (1980),62 Ohio St.2d 151, 157. To determine if notice was required and given in this case, this Court must first review Westfield's insurance contract with Appellant's employer. When interpreting insurance contracts:
 Words and phrases * * * must be given their natural and commonly accepted meaning * * * to the end that a reasonable interpretation of the insurance contract consistent with the apparent object and plain intent of the parties may be determined. The insurer, having prepared the policy, must also be prepared to accept any reasonable interpretation, consistent with the foregoing, in favor of the insured.
Weiker v. Motorists Mut. Ins. Co. (1998), 82 Ohio St.3d 182, 185, quoting Gomolka v. State Auto Mut. Ins. Co. (1982), 70 Ohio St.2d 166,167-168.
Pursuant to Westfield's insurance policy, in the event of an accident, claim, suit, or loss, Westfield has no duty to provide coverage unless the insured gives Westfield notice of the accident or loss. The policy also requires a person seeking uninsured/underinsured motorist coverage to promptly notify Westfield in writing of a tentative settlement between the "insured" and the insurer of the underinsured vehicle and allow thirty days to advance payment to that insured in an amount equal to the tentative settlement to preserve its rights against the owner/operator of the underinsured motor vehicle. Based on the foregoing, this Court finds that the trial court did not abuse its discretion in deciding that notice was required under the insurance contract.
To determine if Appellant gave the required notice to Westfield, this Court must determine whether Appellant's notice was "promptly" given to Westfield. A provision in an insurance policy requiring "prompt" notice to the insurer requires notice within a reasonable time in light of all of the surrounding facts and circumstances. See Ruby v. MidwesternIndemn. Co. (1988), 40 Ohio St.3d 159, 161; Colegrove v. Weyrick (May 6, 1998), Summit App. No. 18290, unreported at 11; Thomas v. State FarmMut. Auto Ins. Co. (April 17, 1991), Summit App. No. 14888, unreported at 4. As previously discussed, Scott-Pontzer was decided a year before Appellant settled with Rogers' insurance provider. Appellant did not notify Westfield of the accident, the settlement, or the underinsured motorist claim until almost two years after the Scott-Pontzer decision and one year after the settlement. This Court cannot conclude that Appellant's notice was reasonable in light of all of the surrounding facts and circumstances. Based on the foregoing, this Court finds that Appellant failed to comply with the notice requirement of the insurance policy with Westfield by failing to notify Westfield of the accident, the settlement, and her claims within a reasonable time.
This Court has found that "an insured who settles with and releases an underinsured tortfeasor before giving her insurer notice is precluded from bringing an action against [her] insurer for underinsured motorist benefits." (Citation omitted.) Colegrove at 15, quoting Back v. AmericanStates Ins. Co. (Nov. 1, 1995), Montgomery App. No. CA-15195, unreported, 1995 Ohio App. LEXIS 4865 at 11; see, also, Lanahan v.Nationwide Mut. Ins. Co. (Nov. 17, 1995), Lucas App. No. L-95-032, unreported, 1995 Ohio App. LEXIS 5096 at 9. Appellant's failure to notify Westfield of the settlement with Rogers is a material breach of the insurance contract and relieves Appellee of the duty to provide insurance benefits. Id.; see, also, Zinader v. Copley-Fairlawn City School Dist. (1994), 95 Ohio App.3d 623, 627-628; Green v. The Cincinnati Ins. Co. (Dec. 7, 2001), Huron App. No. H-01-018, unreported, 2001 Ohio App. LEXIS 5409 (Upholding summary judgment for insurance carrier where accident occurred pre-Scott-Pontzer, settlement occurred post-Scott-Pontzer, and insured did not inform insurance carrier until after settlement; the insured's failure to provide the contractually required notice prior to settlement with the tortfeasor released the insurance carrier from providing underinsured motorist coverage).
For the foregoing reasons, this Court finds that summary judgment in favor of Westfield was appropriate. First, the record reflects that no genuine issues of material fact exist and that Appellant failed to meet her burden of rebutting Westfield's demonstration that no such issues exist. Second, Westfield is entitled to judgment as a matter of law because Appellant breached the insurance contract by failing to provide notice within a reasonable time and by destroying Westfield's subrogation rights by settling with Rogers and releasing her from further liability before providing notice. Finally, reasonable minds can come to only one conclusion — that Appellant's failure to provide notice to Westfield, as required by the insurance contract, of the accident, the settlement, and the underinsured motorist claim prior to February 22, 2001, entitles Westfield to summary judgment. Accordingly, Appellant's first and second assignments of error are overruled.
 Assignment of Error Number Three The Court erred in ruling that [Appellant] is not "legally entitled to recover" from [Appellee] Westfield and is entitled to summary judgment.
Appellant's third assignment of error is rendered moot by our resolution of Appellant's first and second assignments of error. App.R. 12(A)(1)(c).
 III
Appellant's first and second assignments of error are overruled and Appellant's third assignment of error is moot. The judgment of the trial court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Exceptions.
SLABY, P.J., CARR, J. CONCUR.
[1] R.C. 3937.18 has been subsequently amended, effective October 31, 2001, and former R.C. 3937.18(E) has been moved to R.C. 3937.18(J), with some minor language changes.