Matthias, J.
 

 The single question of law presented by the record in this case is whether the confession of judgment by the defendant J ones in the original action
 
 *410
 
 for the full amount therein sued for constituted a failure on his part to comply with the requirements of the cooperation clause of his policy of insurance and whether such failure is a valid defense on behalf of the insurance company in the supplemental proceeding of the judgment creditor instituted pursuant to.the provisions of Section 9510-4, General Code.
 

 The facts essential to a consideration and decision of this question may be concisely stated. The original action, which was instituted April 23, 1940, was one for malpractice and breach of warranty. The defendant J ones carried a policy of insurance with The Medical Protective Company; and its attorneys, representing Jones, the original defendant, promptly and within rule filed a motion to the petition on his behalf. That motion was pending at the time Jones, upon advice of his own counsel and against the objection and over the protest of the attorneys of record in the case, confessed judgment.
 

 It is disclosed that six separate suits had been instituted against Dr. Jones based upon similar charges of malpractice and breach of warranty in the treatment of the respective plaintiffs for obesity. The first of such suits, referred to .as
 
 Morningstar
 
 v.
 
 Jones,
 
 which was filed June 23, 1938, resulted in a judgment for the plaintiff against Jones, and in a supplemental proceeding a like judgment against The Medical Protective Company, which later paid the sum of $5,000, the extent of its policy liability, to apply on that judgment. Two of the cases were settled and dismissed.
 

 On August 5, 1940, the defendant filed an answer in the original action brought by plaintiff herein wherein he stated that he had become insolvent by reason of the judgment rendered against him in the
 
 Morningstar
 
 case, and for that reason he contemplated filing a petition in bankruptcy. The answer further stated as follows:
 

 
 *411
 
 £‘While not admitting the allegations of the petition herein are true, the defendant hereby confesses a judgment in favor of said plaintiff and against this defendant on the cause of action recited in the petition herein for the sum of $76,381.08, being the amount claimed in the prayer of the petition herein # * *. The defendant further hereby releases and waives all exceptions, errors and rights of appeal herein.”
 

 The record discloses that counsel of record in the case, who had been procured by The Medical Protective Company pursuant to the provisions of the policy of insurance, vigorously objected to the proposed confession of judgment several days prior to the filing of answer by defendant Jones, and stated their opinion that the defendant had a complete and full defense, not only on the question of liability, but also upon the question of the bar of the statute of limitations. A similar objection and protest was made in writing by the company, a copy thereof being sent to defendant Jones and also his personal attorney. Immediately upon the entry of such confession of judgment, counsel theretofore of record in the case withdrew therefrom.
 

 The policy of insurance upon which the plaintiff relies for recovery from The Medical Protective Company contained the following clause:
 

 “The holder hereof shall not make or contract any expense in a claim or suit hereunder nor make or contract any settlement thereof, except at his own cost, without the written authorization of the company; and will attend, assist and cooperate in the preparation and trial of any claim or suit against him without charge to the company.”
 

 The effect of the failure of an insured to comply with the requirement of a cooperation clause contained in a policy of indemnity insurance was squarely before this court in the case of
 
 Luntz et al., Exrs.,
 
 v.
 
 Stern,
 
 135 Ohio St., 225, 20 N. E. (2d), 241, and again in the
 
 *412
 
 case of
 
 Conold
 
 v.
 
 Stern,
 
 138 Ohio St., 352, 35 N. E. (2d), 133.
 

 In the former case, this court held that any valid ■conditions or requirements in the contract of insurance which would be binding upon the assured are likewise binding upon the judgment creditor, for he succeeds to only the rights of the assured and cannot recover in an action on the policy against the indemnity company if there has been such a breach of the contract by the .assured as would prevent recovery by him.
 

 In following and approving the principle thus announced and applied, this court held in the syllabus of the
 
 Conoid case, supra,
 
 as follows:
 

 “An insured’s failure to comply with a cooperation •clause in an indemnity insurance policy constitutes a .good defense to his insurer as against a person seeking to recover from the insurer under and by virtue of ■Sections 9510-3 and 9510-4, General Code, the amount of a judgment against the insured for personal injuries.”
 

 We then have only the question as to whether confession of judgment by the defendant Jones for the full amount therein sued for constituted a failure on his part to comply with the requirements of the cooperation clause of his policy of indemnity insurance. 'The basis of the action of defendant Jones in confessing judgment, as stated by his personal counsel upon the trial of this case, was his seemingly unsurmount.able financial difficulties and, in addition thereto, that the trial of the
 
 Miller case
 
 and other cases “involved undesirable publicity to him and his profession as a ■doctor detrimental to his own practice, and also the trial of those cases required a great deal of his time ■and attention, both in preparation and attending trial.”
 

 We quote further from the syllabus in the
 
 Lunts case,
 
 s%ipra:
 

 
 *413
 
 “He [the insured] may not condition his cooperation upon conformance to his demands for payment or settlement of claims, and he may not arbitrarily or unreasonably decline to assist in making a fair and legitimate defense or refuse to permit any defense to be made in his name in suits against him upon claims covered by the indemnity policy.”
 

 In this case the insured not only failed and refused to cooperate in making a defense to the claim of the plaintiff, but over the objection and in disregard of the protests of the insurer confessed judgment for the full amount prayed for in the petition. Though the ■defendant Jones did not in his answer concede the truth of the averments of the petition, he completely foreclosed inquiry relative, thereto by confessing judgment. It was not a mere settlement of the claim without consent, which in itself was prohibited by the terms ■of the insurance contract, but was a tender and confession of judgment for the full amount. He not only failed and refused to cooperate in the preparation and trial of the suit, but, by confessing judgment, fully and completely precluded inquiry into or consideration of any question of law or fact.
 

 It follows that the trial court was right in directing ■a verdict. The judgment of the Court of Appeals, therefore, in affirming that action, is affirmed.
 

 Judgment affirmed.
 

 Weygandt, C. J., Williams, Hart and Zimmerman, JJ., concur.
 

 Turner, J., concurs in -the judgment.