CAMBRIDGE MUTUAL FIRE INS. CO., Appellee,

v.

TOLLETT et al., Appellants.

[Cite as *Cambridge Mut. Fire Ins. Co. v. Tollett* (1996), 112 Ohio App.3d 58.]

Court of Appeals of Ohio,
Ninth District, Lorain County.

No. 95CA006176.

Decided June 26, 1996.

*Duane Skavdahl,* for appellee.

*Mark E. Stephenson* and *Joseph C. Grunda,* for appellants.

---

QUILLIN, Presiding Judge.

Appellant, Brenda S. Tollett, appeals from a judgment of the Lorain County Court of Common Pleas that determined that appellee, Cambridge Mutual Fire Insurance Company ("Cambridge"), had no duty to defend or indemnify its insured against a wrongful death claim brought by Tollett. We reverse the trial

court's judgment as to the duty to defend, but affirm the trial court's determination that Cambridge had no duty to indemnify the insured.

On February 2, 1991, Rachel Boker fatally stabbed her boyfriend, Keith Anthony Tollett, during an argument. Brenda S. Tollett, mother of the decedent and administrator of his estate, filed a civil action against Boker and several others. The complaint alleged that Boker had negligently or recklessly struck Tollett with a knife, causing his death.

Cambridge, Boker's homeowner's insurance carrier, brought this declaratory judgment action to determine whether it had a duty to defend or indemnify Boker. It was Cambridge's position that, although the complaint alleged that the injury was a result of the insured's negligence or recklessness, the injury was in fact the result of an intentional act by Boker. Boker's policy provides no coverage for losses resulting from an insured's intentional acts:

"We do not insure for loss caused directly or indirectly by any of the following * * *[:]

"**h.  Intentional Loss,** meaning any loss arising out of any act committed:

"(1)  by or at the direction of an **insured;**  and

"(2)  with the intent to cause a loss." (Boldface *sic.*)

After an evidentiary hearing, the trial court concluded that Cambridge had no duty to defend or indemnify Boker because her acts were intentional "as defined under the terms of the insurance policy." Tollett appeals and assigns three errors.

■ Tollett's first assignment of error is that the trial court erred in determining that Cambridge had no duty to defend or indemnify Boker, even if her conduct was in fact intentional, because Coverage E of the policy explicitly provides:

"If a claim is made or a suit is brought against an **insured** for damages because of **bodily injury** * * * caused by an **occurrence** to which this coverage applies, we will:

" * * *

"2.  provide a defense at our expense by counsel of our choice, even if the suit is groundless, false or fraudulent.  * * *"  (Boldface *sic.*)

■ The Supreme Court of Ohio has held that an agreement by an insurer to defend groundless, false or fraudulent claims creates an absolute duty to defend claims which allege losses covered by the policy:

"An insurance policy which states that the insurer is obligated to defend in any action seeking damages payable under the policy against the insured, even where

the allegations are groundless, false or fraudulent, imposes an absolute duty upon the insurer to assume the defense of the action where the complaint states a claim which is partially or arguably within policy coverage." *Sanderson v. Ohio Edison Co.* (1994), 69 Ohio St.3d 582, 635 N.E.2d 19, paragraph one of the syllabus.

This duty to defend "may arise solely from the allegations of the underlying complaint, regardless of the true facts as they are known to the insurer." *Preferred Risk Ins. Co. v. Gill* (1987), 30 Ohio St.3d 108, 114, 30 OBR 424, 429, 507 N.E.2d 1118, 1124.

Therefore, although the trial court found that Boker had intentionally killed the decedent, that determination was not dispositive of Cambridge's duty to defend Boker in the civil action. Tollett's complaint against Boker alleged that the decedent's death was the result of Boker negligently or wantonly striking decedent with a knife, causing his death. Neither party disputes that a loss resulting from Boker's negligent or wanton conduct would be covered by her homeowner's insurance policy. Therefore, Cambridge had an absolute duty to defend Boker because Tollett's complaint stated a claim within the policy's coverage, and the trial court committed reversible error by holding otherwise.

Although Tollett's argument blurs the distinction between the duty to defend and the duty to indemnify, by its very terms the above provision applies only to Cambridge's duty to defend, not to its duty to indemnify. Therefore, the first assignment of error is sustained only as it pertains to Cambridge's duty to defend Boker.

In her second assignment of error, Tollett contends that the trial court erred "[a]s a matter of law" by finding that Cambridge had no duty to indemnify Boker merely because it concluded that Boker's act of stabbing the decedent was intentional. Relying on *Physicians Ins. Co. v. Swanson* (1991), 58 Ohio St.3d 189, 193, 569 N.E.2d 906, 910–911, Tollett argues that the act itself was insufficient to establish that Boker's act was intentional; Boker must have intended the result as well. Tollett apparently concedes that Boker's act was intentional, but asserts that it had not been established that the result was intended.

While it is true that the policy excludes only injuries which were intended by the insured, the decedent's death qualifies as such an injury. While Boker and the decedent were arguing, the decedent retrieved a steak knife from the kitchen. Boker responded, "Well, that's not a knife." She went to the kitchen and returned with a larger knife. While within arm's length of the decedent, Boker slashed the knife, striking him three times. The first two cuts were minor, but the third was fatal.

Tollett has failed to explain how, based on these facts, Boker could have intentionally slashed a knife at the decedent, but not have intended to injure him. This was not a situation, as in *Swanson,* where the insured was a considerable distance from the victim and fired a gun in his general direction. Rather, it was more akin to firing at point blank range. Intent to injure has been presumed from firing a gun at close range. *Moler v. Beach* (1995), 102 Ohio App.3d 332, 337, 657 N.E.2d 303, 306. Therefore, the trial court did not err by presuming an intent to injure from Boker's intentional act of slashing the knife at the decedent. The second assignment of error is overruled.

█ Tollett's third assignment of error is that the trial court erred in admitting an uncertified copy of a journal entry from juvenile court which indicated that Boker had admitted that she committed the crime of murder. Even if the trial court erred in admitting this evidence, however, Tollett has failed to demonstrate prejudice. The trial court stated on the record that it was not going to rely on this evidence: "I know what happened in juvenile court, but I am not giving that any credence." Instead, the trial court determined the intentional nature of Boker's conduct based on the other evidence presented at trial. The third assignment of error is overruled.

*Judgment affirmed in part
and reversed in part.*

BAIRD and SLABY, JJ., concur.