Appellants-Plaintiffs Wally and Regina Cogar have appealed an order of the Medina County Court of Common Pleas that granted summary judgment in favor of Appellee-Defendant Commercial Union Insurance. This Court affirms.
This appeal arises out of a boundary dispute between neighbors. On September 22, 1995, the Cogars filed an action against Theodore and Sandra Koontz to quiet title to a piece of property. The Koontzes filed a counterclaim and averred that the Cogars had willfully trespassed onto their land and chopped down three large trees. The Koontzes claimed a violation of R.C. 901.51, which forbids the reckless destruction or injury of plant life on the property of another. In response to the counterclaim, the Cogars filed suit against appellee, the provider of their homeowner's insurance policy, and argued that appellee had a contractual duty to defend the Cogars against the Koontzes' claims. On August 12, 1997, the Cogars moved for summary judgment. Appellee responded and also moved for summary judgment. On November 24, 1997, the trial court denied the Cogars' motion and granted summary judgment in favor of appellee. The Cogars timely appealed to this Court.
ASSIGNMENT OF ERROR
 THE TRIAL COURT ERRED [IN] GRANTING DEFENDANT-APPELLEE'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF-APPELLANTS' MOTION FOR SUMMARY JUDGMENT.
The Cogars' assignment of error is that the trial court incorrectly concluded that their insurance policy with appellee did not require appellee to defend the Koontzes' counterclaim. This appeal primarily concerns the interpretation of the Cogars' insurance policy with appellee. As such, the underlying facts are not disputed.
Summary judgment is appropriate when:
 (1) no genuine issue as to any material fact remains to be litigated;
 (2) the moving party is entitled to judgment as a matter of law; and
 (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing the evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the nonmoving party.
State ex rel. Howard v. Ferreri (1994), 70 Ohio St.3d 587, 589. Because the propriety of a trial court's order granting summary judgment is a matter of law, this Court reviews that decisionde novo. Lorain Cty. Bd. of Commrs. v. United States Fire Ins.Co. (1992), 81 Ohio App.3d 263, 267.
The Cogars' insurance policy provides:
PERSONAL LIABILITY
 If a claim is made or a suit is brought against an insured for damages because of bodily injury * * *
or property damage caused by an occurrence to which this coverage applies, we will:
* * *
 2. Provide a defense at our expense by counsel of our choice, even if the suit is groundless, false or fraudulent.
An "occurrence" is defined as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions, which results * * * in * * * property damage." An accident is an unexpected and unforeseeable event. Randolph v. Grange Mut. Casualty Co.
(1979), 57 Ohio St.2d 25, 29.
An insurance company that agrees to defend claims against the insured regardless of whether the allegations are false, groundless, or fraudulent has an absolute duty to defend an action where the complaint states a claim that is arguably within the policy coverage. Sanderson v. Ohio Edison Co.
(1994), 69 Ohio St.3d 582, paragraph one of the syllabus. In order to avoid this duty, an insurance company must demonstrate that both the insured's action and the resulting harm were expected or intended. See Physicians Ins. Co. of Ohio v.Swanson (1991), 58 Ohio St.3d 189, syllabus. When an act is done intentionally but without the intent to cause the resulting harm, an insurance company must fulfill its obligations to defend or indemnify the insured. Id. at 193-94.
Intent to cause the harm can be inferred when an action is committed with substantial certainty that the harm will result.Gearing v. Nationwide Ins. Co. (1996), 76 Ohio St.3d 34, 39. In their complaint, the Koontzes averred that the Cogars acted willfully, wantonly, and recklessly in cutting down the trees on the Koontz property. Intent to fell trees can be inferred from the intent to cut them down. Such willful, wanton, and reckless conduct does not constitute an accident. Because the conduct is not an accident, it is not an occurrence as contemplated by the insurance agreement. Accordingly, it is outside the scope of appellee's obligation to defend suits against its insured and appellee is entitled to judgment as a matter of law. The Cogars' assignment of error is overruled, and the judgment of the trial court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the County of Medina, Court of Common Pleas, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to appellants.
Exceptions.
 --------------------- DONNA J. CARR FOR THE COURT
REECE, P. J., DICKINSON, J., CONCUR