OPINION
{¶ 1} Appellant, Barbara Montague, appeals from the January 3, 2002 judgment entry of the Portage County Common Pleas Court granting the motion for summary judgment of appellee, Allstate Insurance Company.
 {¶ 2} On October 31, 2000, Robert Oldham ("Oldham") filed an amended complaint in which he alleged that appellant had slandered him, thereby causing Oldham to "suffer humiliation and [embarrassment] and other damages ***." After being served with the complaint, appellant requested that appellee defend her under coverage provided by her homeowner's policy ("the policy"), which was issued by appellee. Appellant made this request pursuant to language contained under "Coverage X" of her policy, which provides:
 {¶ 3} "*** [appellee] will pay damages which an insured person
becomes legally obligated to pay because of bodily injury or propertydamage arising from an occurrence to which this policy applies, and is covered by this part of the policy.
 {¶ 4} "[Appellee] may investigate or settle any claim for covered damages against an insured person. If an insured person is sued for these damages, [appellee] will provide a defense with counsel of [appellee's] choice, even if the allegations are groundless, false, or fraudulent. ***" (Emphasis sic.)
 {¶ 5} Appellee undertook appellant's defense under a reservation of rights and then filed a complaint for declaratory judgment in the Portage County Common Pleas Court on September 22, 2000. In its complaint, appellee alleged that it had no obligation to defend appellant with respect to Oldham's complaint because his alleged damages did not constitute "bodily injury" or "property damage" as those terms were defined in the policy; therefore, his claims did not fall within the scope of the coverage provided by the policy.
 {¶ 6} Appellee moved for summary judgment on June 11, 2001. Appellant filed a "Response to [Appellee's] Motion [for Summary Judgment] and Motion for Partial Summary Judgment" on October 25, 2001. In its January 3, 2002 judgment entry, the trial court granted appellee's motion for summary judgment.
 {¶ 7} Appellant has filed a timely notice of appeal of the trial court's judgment and makes the following assignment of error:
 {¶ 8} "The trial court erred to the prejudice of [appellant] in finding that [appellee] did not have a duty to defend her in a damages claim made against her by her former husband in which the complaint did not specifically allege a `bodily injury' or `property damage' but rather asserted a claim for `humiliation, embarrassment, and other damages.'"
 {¶ 9} Appellant contends that in granting appellee's motion for summary judgment, the trial court made unwarranted assumptions about the nature of Oldham's complaint. The crux of appellant's argument appears to be that Oldham's failure to allege a bodily injury in his complaint does not exclude the possibility that he did suffer a bodily injury as a result of appellant's alleged slander; therefore, the trial court and appellee were precluded from assuming that he did not suffer a bodily injury.
 {¶ 10} An insurance company must defend an action against an insured, under a policy of liability insurance, if the complaint against the insured brings the action within the coverage of the liability policy. Ins. Co. of N. Am. v. Travelers Ins. Co. (1997),118 Ohio App.3d 302, 312, citing Motorists Mut. Ins. Co. v. Trainor
(1973), 33 Ohio St.2d 41, paragraph two of the syllabus. As previously noted, appellant's policy provides that "[i]f an insured person is sued for these damages, [appellee] will provide a defense with counsel of [appellee's] choice, even if the allegations are groundless, false, or fraudulent. ***" (Emphasis sic.) In Sanderson v. Ohio Edison Co.
(1994), 69 Ohio St.3d 582, 586, the Supreme Court of Ohio held that if an insurance policy contains such language, then the insurer has a duty to defend where "the underlying tort complaint states a claim which ispotentially or arguably within the policy coverage." (Emphasis added.)
 {¶ 11} In the instant case, Oldham's complaint alleged that he suffered humiliation, embarrassment, and "other damages" as a result of appellant's statements. The rule in Ohio is that the term "bodily injury" does not include non-physical harms such as emotional distress. Blatnikv. Avery Denison (2002), 148 Ohio App.3d 494, 512; Morgan v. Ent.Rent-A-Car (Mar. 31, 2000), 11th Dist. No. 98-T-0103, 2000 WL 523085, at 6; Vance v. Sang Chong, Inc. (Nov. 9, 1990), 11th Dist. No. 88-L-13-188, 1990 WL 174121, at 3 (severe and extreme emotional distress is not a bodily injury); Reichard v. Nationwide Mut. Fire Ins. Co. (Dec. 10, 1992), 2d Dist. No. 13392, 1992 WL 361829, at 3 ("emotional distress, in the absence of some physical harm, does not constitute a `bodily injury' in the context of an insurance policy which does not expressly provide otherwise"). Therefore, Oldham's humiliation and embarrassment did not constitute a bodily injury under Ohio law. Further, no theory of recovery was pleaded by Oldham that would suggest he potentially or arguably suffered a bodily injury. His complaint was for slander, which, by its very nature, suggests the absence of a bodily injury. While Oldham's complaint also alleges that he suffered "other damages," the plain language of the complaint indicates that these "other damages" should not be construed as including bodily injury.
 {¶ 12} We conclude that there is no genuine issue of material fact, and that after viewing the evidence most strongly in the favor of the non-moving party, appellant, reasonable minds can come to but one conclusion, that conclusion being adverse to appellant. Therefore, the trial court properly granted summary judgment in favor of appellee and appellant's sole assignment of error is without merit. For the foregoing reasons, the judgment of the Portage County Court of Common Pleas is affirmed.
JUDITH A. CHRISTLEY and DIANE V. GRENDELL, JJ., concur.