OPINION
{¶ 1} Nathanael L. Williamson appeals from a judgment of the Montgomery County Court of Common Pleas, which granted State Farm Insurance Company's ("State Farm") motion for summary judgment on his claim for uninsured/underinsured motorist coverage and denied Williamson's motion for summary judgment.
 {¶ 2} The history of the case is as follows:
 {¶ 3} On May 10, 1997, Williamson was involved in a traffic accident with a car driven by Richard Herman, Jr., and owned by Cora Schroder. Herman was insured by Erie Insurance Company ("Erie"). As a result of the accident, Williamson suffered from back pain.
 {¶ 4} In April 1999, Williamson sued Herman and Schroder for his personal injuries (Case No. 1999 CV 1435). Williamson's insurance carrier, State Farm, was joined to protect its right to subrogation, and Erie initially represented Herman. However, in June 2000, Erie was allowed to withdraw from its representation of Herman because of his failure to cooperate in the litigation. Also, summary judgment was entered in favor of Schroeder in June 2000. Williamson's claim against Herman was referred to arbitration.
 {¶ 5} In July 2000, Williamson amended his complaint to include an uninsured/underinsured motorist coverage claim against State Farm. Williamson believed that he was entitled to uninsured/underinsured motorist coverage through his own policy because of Erie's position that Herman had breached his insurance contract by failing to cooperate with Erie, i.e., that Herman was not covered. In its answer and counterclaim, State Farm asserted that Williamson had failed to satisfy the conditions precedent to uninsured/underinsured motorist coverage. State Farm also filed a cross-claim against Herman.
 {¶ 6} In October 2000, State Farm filed a Notice of Independent Medical Examination whereby it requested that Williamson submit to an examination by a doctor of the company's choice pursuant to the requirements of its policy. The first appointment was scheduled for February 27, 2001, but Williamson failed to appear. A second appointment was scheduled for March 8, 2001, but Williamson again failed to appear.
 {¶ 7} On February 12, 2001, State Farm filed a motion for summary judgment on Williamson's uninsured/underinsured motorist coverage claim on the basis that Williamson had not yet exhausted the tortfeasor's liability coverage, which is a contractual precondition for uninsured/underinsured motorist coverage. On April 3, 2001, the trial court sustained State Farm's motion. State Farm remained a party to the action, however, because of its subrogated cross-claim against the tortfeasor, Herman. State Farm subsequently dismissed its remaining claims, without prejudice.
 {¶ 8} On March 13, 2001, the arbitrator awarded $5,000 to Williamson against Herman. Williamson appealed to the trial court. The trial court then referred the matter to a magistrate. On June 25, 2001, the magistrate recommended that Williamson be awarded $72,385.51, plus interest. Herman had not appeared at the hearing before the magistrate, nor had an attorney appeared on his behalf. The trial court journalized the magistrate's award on July 18, 2001.
 {¶ 9} Williamson subsequently filed suit against Erie in an effort to collect on his judgment against Herman (Case No. 2001 CV 4564). The trial court entered summary judgment in favor of Erie based on Herman's failure to cooperate.
 {¶ 10} On January 14, 2003, having exhausted his claims against Herman and Erie, Williamson filed a complaint against State Farm for uninsured/underinsured motorist coverage (Case No. 2003 CV 330). In his complaint, Williamson alleged that State Farm had "denied [his] claim for uninsured motorist coverage on the basis that [he had] failed to prove that he had an underinsured motorists claim." He also claimed that State Farm had "failed and refuse[d]" to pay him under the uninsured/underinsured motorist coverage in his policy. Williamson further alleged that he had complied with all of the terms and conditions of the insurance policy. State Farm raised numerous defenses, including an assertion that Williamson had failed to comply with the terms of the contract by refusing to submit to an independent medical examination.
 {¶ 11} On July 30, 2003, Williamson moved for summary judgment. State Farm filed a memorandum in opposition to Williamson's motion and a cross-motion for summary judgment. The trial court denied Williamson's motion and granted State Farm's motion for summary judgment due to Williamson's failure to cooperate with an independent medical examination, as required by his insurance policy.
 {¶ 12} Williamson raises two assignments of error on appeal, which we will address together.
"The trial court abused its discretion and erred as a matter of law in granting defendant-appellee state farm insurance company's motion for summary judgment."
"The trial court abused its discretion and erred as a matter of law in denying plaintiff-appellant nathanael williamson's motion for summary judgment."
 {¶ 13} Williamson argues that State Farm was precluded from claiming that he had breached his insurance contract by failing to attend a medical examination because "it had already denied [his] claim for UM/UIM coverage and began attempts to remove itself from the underlying action" prior to the first missed examination.
 {¶ 14} First, we address Williamson's argument that State Farm had denied coverage prior to its request for a medical examination and that, in doing so, it had obviated any obligation to cooperate with an examination that had been imposed on him by the insurance contract.
 {¶ 15} Williamson did not raise this argument in the trial court. In response to State Farm's motion for summary judgment, Williamson argued that State Farm was bound by the final judgment in Williamson v. Herman, Case No. 1999 CV 1435, because it had had notice of that action as well as an opportunity to participate in it. He also argued that he had not been required to attend the scheduled medical examination because State Farm had not obtained a court order pursuant to Civ.R. 35[1]
compelling him to attend.
 {¶ 16} It is well settled that issues raised for the first time on appeal and not having been raised in the trial court are not properly before this court and will not be addressed.Merillat v. Fulton Cty. Bd. of Commrs. (1991),73 Ohio App.3d 459, 463, 597 N.E.2d 1124; State v. Schneider (Dec. 13, 1995), Greene App. No. 95-CA-18. This rule applies to constitutional issues raised for the first time on appeal as well as to any other issue. State v. Awan (1986), 22 Ohio St.3d 120, 122-123,489 N.E.2d 277; Moats v. Metropolitan Bank of Lima (1974),40 Ohio St.2d 47, 49, 319 N.E.2d 603; Schneider, supra. Because Williamson argues, for the first time, that State Farm had denied uninsured/underinsured motorist coverage before he failed to cooperate with a medical examination, we need not address this argument.
 {¶ 17} In addition to this procedural problem, however, we note that Williamson presented no evidence that State Farm had denied his uninsured/underinsured motorist claim prior to his refusal to cooperate with the independent medical examination. In essence, State Farm asserted in the trial court in the case against Herman that the uninsured/underinsured motorist claimwas not ripe because Williamson had not yet exhausted the tortfeasor's liability coverage; it did not deny that uninsured/underinsured motorist coverage was included in Williamson's policy or that he might be eligible for coverage at some time in the future. In this sense, State Farm's position is distinguishable from the other cases upon which Williamson relies, where the insurer clearly had denied coverage or had committed a material breach of the contract. See, e.g., Bakos v.Insura Property and Cas. Ins. Co. (1997), 125 Ohio App.3d 548,557, 709 N.E.2d 175 ("It is unreasonable to require that an insured notify its insurance company of a proposed settlement after the insurance company has already informed the insured that it would not provide coverage pursuant to the insurance policy."); Sanderson v. Ohio Edison Co. (1994), 69 Ohio St.3d 582, 1994-Ohio-379, 635 N.E.2d 19 (holding that a material breach by the insurer, such as the failure to honor its obligation to defend its insured, relieves the insured of its duty to obtain the insurer's assent to a proposed settlement). Because Williamson was required by the policy to exhaust the tortfeasor's liability coverage before he would be entitled to uninsured/underinsured motorist coverage, State Farm's position in Case No. 1999 CV 1435 that it was premature for Williamson to try to collect uninsured/underinsured motorist coverage cannot reasonably be construed as a breach of the insurance contract.
 {¶ 18} In opposition to State Farm's motion for summary judgment, Williamson also argued that he was not required to submit to State Farm's medical examination because State Farm had not obtained a court order, pursuant to Civ.R. 35, compelling him to attend.
 {¶ 19} Under the insurance contract, in a section entitled Reporting A Claim — Insured's Duties, paragraph 4, State Farm's contract with Williamson states that a person who makes a medical payments coverage claim as a result of having suffered a bodily injury, shall:
 {¶ 20} "a. under the medical payments, uninsured motor vehicle, death, dismemberment and loss of sight, total disability and loss of earnings coverages:
 {¶ 21} "* * *
 {¶ 22} "(2) be examined by physicians chosen and paid by us as often as we reasonably may require."
 {¶ 23} The language of the contract is unequivocal, and it in no way suggests that the company was required to take additional steps before enforcing the medical examination requirement. We cannot approve Williamson's argument that the additional step of seeking a court order was required where the plain language of the contract clearly does not contemplate such a requirement.
 {¶ 24} The trial court relied on Hipkins v. State Farm Ins.Co. (Mar. 17, 1998), Licking App. No. 96CA00161, in determining that Williamson had been required to submit to an independent medical examination. In Hipkins, a passenger in the tortfeasor's vehicle attempted to collect from the tortfeasor's insurance company for her medical expenses. The insurance policy at issue required an "insured" person to submit to medical examinations by physicians chosen by the company. Under the section entitled "Reporting a Claim — Insured Duties," the insurance policy required "[a]ny person who suffers a bodily injury which results in a medical payments coverage claim" to "be examined by physicians chosen and paid for by us." The passenger claimed that she was not an "insured" under the policy, and therefore she did not have a duty under the policy to submit to these examinations in order to be eligible for compensation. The court disagreed:
 {¶ 25} "[U]nder the plain meaning of the language, persons who claim a bodily injury entitles them to recover damages must submit to independent medical examinations reasonably requested by appellee. We are unpersuaded that the caption `insured duties' makes the contract language susceptible to more than one meaning." Id.
 {¶ 26} Williamson claims that Hipkins is distinguishable because State Farm, in this case, "voluntarily remove[d] itself from the underlying lawsuit" against the tortfeasor and his insurer. This voluntary removal, as Williamson characterizes it, was State Farm's motion for summary judgment in Williamson v.Herman, on the bases that Herman had liability coverage which had not been exhausted and that Williamson had failed to satisfy the conditions of his policy. This argument does not distinguishHipkins so much as it suggests an alternate basis for denying State Farm's motion for summary judgment.
 {¶ 27} In our view, State Farm's motion for summary judgment in the case against Herman had solid legal footing, and the trial court properly granted the motion. This case differs from those cited by Williamson, in which the insurance company had "made itself a stranger" to the action, had been evasive or uncooperative with respect to its involvement in the legal proceedings, and was thereby held to have been bound by the judgment that the insured had obtained when he proceeded with the case. See Nationwide Ins. Co. v. Baker (April 15, 1991), Butler App. No. CA90-04-062; McDonald v. Republic-Franklin Ins. Co.
(1989), 45 Ohio St.3d 27, 543 N.E.2d 456; Fulmer v. InsuraProperty and Cas. Ins. Co. (2002), 94 Ohio St.3d 85,760 N.E.2d 392, 2002-Ohio-64. State Farm's forthright legal argument is not comparable to the lack of cooperation evidenced in the cases cited by Williamson.
 {¶ 28} Williamson further asserts that, because of Herman's failure to cooperate with his insurance company from the beginning, it was apparent that uninsured motorist coverage was likely to come into play. He seems to suggest that State Farm therefore had some improper purpose in not fully participating in his case against Herman. We will not speculate about State Farm's strategy in its handling of this case. We simply reiterate that State Farm had a proper basis for requesting and being granted summary judgment. We also note that Williamson's failure to cooperate with State Farm's request for an independent medical examination is puzzling if it was clear to him that he was likely to pursue uninsured motorist coverage.
 {¶ 29} Finally, Williamson argues that State Farm was not prejudiced by his failure to cooperate with the independent medical examination. He claims that, because of State Farm's withdrawal from the lawsuit against Herman, the evidence obtained as a result of the medical examination would never have been presented to the court. Moreover, he claims that State Farm would have had no right to present any evidence that resulted from the examination even if it had remained in the case. As such, Williamson essentially claims that the examination was irrelevant. This reasoning is not consistent with principles of contract law. See Moraine Materials Co. v. Cardinal OperatingCo. (Nov. 13, 1998), Montgomery App. No. 16782. Williamson's breach of the contract relieved State Farm of its obligations under the contract. State Farm was not required to show prejudice flowing from the breach in order to establish the breach.
 {¶ 30} State Farm established that its contract required Williamson to cooperate with a medical examination with a doctor of the company's choice. This requirement was not conditioned on the status of pending legal action, if any. Thus, having already rejected Williamson's assertion that State Farm had categorically denied coverage prior to the scheduled examination, and thereby breached the contract, there was no genuine issue of material fact about whether Williamson himself had breached the contract in refusing to cooperate with the medical examination. Williamson does not offer any explanation for his actions in this regard, nor does he dispute that the examination was required by the contract. Accordingly, Williamson is not entitled to uninsured/underinsured motorist coverage from State Farm.
 {¶ 31} The first and second assignments of error are overruled.
 {¶ 32} The judgment of the trial court will be affirmed.
Fain, P.J. and Brogan, J., concur.
[1] In his motion, Williamson refers to Civ.R. 53, but we presume that he intended to refer to Civ.R. 35, which relates to physical and mental examinations.