DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, Auto-Owners Insurance Company ("Auto-Owners"), appeals the decision of the Summit County Court of Common Pleas, which entered judgment in favor of appellee, the estate of Kevin L. Horton ("the estate"). This Court reverses.
 I. {¶ 2} On February 6, 1994, Kevin L. Horton and Anthony D. Supple were patrons of J.C.K.C., Inc., dba K.C.'s Lakes Lounge ("KC's"). The two consumed an unknown amount of alcoholic beverages on K.C.'s premises, and it was alleged that the two became intoxicated. It was further alleged that employees of K.C.'s placed Horton in the back of Supple's vehicle and allowed Supple to drive from the premises, knowing that he was intoxicated. Supple lost control of the vehicle and it collided with trees, resulting in Horton's death.
 {¶ 3} On February 2, 1996, Keith L. Horton, administrator of the estate, filed a wrongful death action against K.C.'s. The action included claims for injuries resulting from (1) K.C.'s negligence in serving liquor to an intoxicated person, commonly known as "Dram Shop Act" liability; and (2) K.C.'s negligence as a business owner by failing to protect a business patron, commonly known as "premises" liability.
 {¶ 4} At the time of the accident, Auto-Owners insured K.C.'s under a comprehensive general liability policy. Auto-Owners hired Attorney Craig Pelini to defend K.C.'s in the lawsuit filed by the estate.
 {¶ 5} On July 19, 1996, Auto-Owners issued a reservation of rights letter to K.C.'s. Auto-Owners then hired Harry Tipping to file a declaratory judgment action seeking a determination as to whether Auto-Owners had a duty to defend or indemnify K.C.'s for Horton's death. The complaint for declaratory judgment was filed on October 14, 1997. The estate acknowledged that the policy issued by Auto-Owners excluded coverage for the Dram Shop Act liability claim, but maintained that the policy did not exclude coverage for the premises liability claim. Both Auto-Owners and the estate filed motions for summary judgment in the declaratory action. The trial court granted Auto-Owners motion for summary judgment, finding that the policy excluded coverage for all allegations and claims of the wrongful death suit. The estate's motion for summary judgment was denied. The estate timely appealed to this Court.
 {¶ 6} During the pendency of the appeal of the declaratory action, Attorney Ronald Lee filed an amended complaint on behalf of the estate based solely on a premises liability claim. The amended complaint alleged that, as a business owner, K.C.'s breached its duty of care to Horton as a business invitee by failing to protect him from an intoxicated patron, Supple, and by its employees negligently placing Horton in the backseat of Supple's vehicle while knowing that Supple was impaired and unable to drive safely. Auto-Owners continued to employ Mr. Pelini to represent K.C.'s in the wrongful death action.
 {¶ 7} On March 19, 1998, Mr. Lee wrote to Mr. Tipping advising that if Auto-Owners refused to provide K.C.'s with a defense in the matter, K.C.'s would proceed with a settlement with the estate. Mr. Lee also wrote to Mr. Tipping on April 9, 1998 and again on April 28, 1998. In the April 28, 1998 letter, Mr. Lee advised Mr. Tipping that he intended to submit the settlement to the court no later than May 8, 1998, and asked for Auto-Owners' position with regard to coverage on the amended complaint.
 {¶ 8} In response, Mr. Tipping sent a letter to Mr. Lee dated May 5, 1998,[1] indicating that Auto-Owners would not consent to any settlement between the estate and K.C.'s. K.C.'s executed the settlement agreement on May 4, 1998. On May 13, 1998, the trial court entered judgment in favor of Horton and against K.C.'s for $300,000. Keith L. Horton, Jr., executed the settlement agreement as administrator of the estate on May 18, 1998.
 {¶ 9} On November 4, 1998, this Court issued its decision in the declaratory judgment action, stating: "We emphasize that we do not decide whether K.C.'s is in fact liable to the Hortons on this claim. In this declaratory judgment action, we decide only that if K.C.'s is liable, then Auto-Owners has a duty to indemnify K.C.'s." Auto-Owners Ins. Co. v. JC KC, Inc. (Nov. 4, 1998), 9th Dist. No. 18937.
 {¶ 10} On December 16, 1998, Horton filed a supplemental petition against Auto-Owners in the wrongful death case. On January 28, 1999, Auto-Owners filed a second complaint for declaratory judgment. The wrongful death action and the declaratory judgment action were consolidated. The trial was postponed indefinitely by agreement of the parties on November 27, 2002, and submitted to the trial court upon depositions and briefs. On November 4, 2003, the trial court rendered judgment in favor of Horton and against Auto-Owners.
 {¶ 11} Auto-Owners timely appealed, setting forth one assignment of error for review.
 II. ASSIGNMENT OF ERROR
"The court below erred in basing its judgment on the assumption auto-owners denied coverage, when it is undisputed auto-owners never denied coverage, and instead litigated the insurance coverage issues while at all times defending its insured under a reservation of rights."
 {¶ 12} In its sole assignment of error, Auto-Owners contends that the trial court erred in finding that it denied coverage to K.C.'s. This Court agrees.
 Standard of Review {¶ 13} The parties disagree as to the standard of review this Court should employ in the present matter. Auto-Owners argues that this Court should review the matter de novo. K.C.'s contends that Auto-Owners has, in effect, presented a manifest weight argument. This Court finds that Auto-Owners has presented a manifest weight argument.
 {¶ 14} When an appellant challenges a judgment in a civil case as against the manifest weight of the evidence, an appellate court's standard of review is the same as that in a criminal context. Frederick v. Born (Aug. 21, 1996), 9th Dist. No. 95CA006286. In determining whether a conviction is against the manifest weight of the evidence, this Court must:
"Review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v. Otten (1986), 33 Ohio App.3d 339,340.
 {¶ 15} K.C.'s argues that Auto-Owners denied coverage and therefore forfeited its right to insist on compliance with its policy terms and conditions requiring Auto-Owners' consent to any settlement. Specifically, K.C.'s avers that "[o]nce Auto-Owners decided to seek and obtain a judgment that it had no coverage obligations under the policy, it could not prohibit its insured, K.C.'s, from entering into settlement negotiations with the injured party." To support its argument, K.C.'s relies on the following cases: Sanderson v. Ohio Edison Co. (1994),69 Ohio St.3d 582; Ward v. Custom Glass Frame, Inc. (1995),105 Ohio App.3d 131; Bakos v. Insura Prop. Casualty Ins. Co. (1997),125 Ohio App.3d 548; Aufdenkamp v. Allstate (Jan. 19, 2000), 9th Dist. No. 98CA007269. However, the foregoing cases are distinguishable from the case sub judice. In all of the cases cited by K.C.'s, the insurer denied coverage to the insured or insureds. Auto-Owners did not deny coverage to K.C.'s throughout the underlying proceedings.
 {¶ 16} Both Auto-Owners and K.C.'s rely on Motorists Mut.Ins. Co. v. Trainor (1973), 33 Ohio St.2d 41, to support their arguments. In Trainor, the insurance carrier denied coverage and sent letters to its insureds informing them it would not defend them until they signed a non-waiver agreement. The Supreme Court of Ohio held that the insureds were not obligated to assent to or deny the alleged non-waiver agreement and that the insurance carrier's failure to act until its insureds responded to its letters was a breach of its duty to defend. Id. at 46. In the present case, Auto-Owners did not refuse to defend K.C.'s at any point during the litigation. Therefore, Trainor is not applicable to the present matter.
 {¶ 17} In Sanderson, the Ohio Supreme Court stated: "[W]here an insurer unjustifiably refuses to defend an action, leaving the insureds to fend for themselves, the insureds are at liberty to make a reasonable settlement without prejudice to their rights under the contract. By abandoning the insureds to their own devices in resolving the suit, the insurer voluntarily forgoes the right to control the litigation and, consequently, will not be heard to complain concerning the resolution of the action in the absence of a showing of fraud, even if liability is conceded by the insureds as a part of settlement negotiations."69 Ohio St.3d at 586.
 {¶ 18} In Romstadt v. Allstate Ins. Co. (C.A.6 1995),59 F.3d 608, 613-614, the Sixth Circuit Court of Appeals held thatSanderson does not apply where the insurer defends its insured, either in whole or by a reservation of rights.
 {¶ 19} In the present case, Auto-Owners, upon receiving notice of the claim against K.C.'s in the underlying action, provided a defense to K.C.'s under a reservation of rights. Throughout the entirety of the underlying action, Auto-Owners provided K.C.'s with a defense. Despite Auto-Owners' filing of the declaratory judgment action where it sought a determination that the claim against K.C.'s was not covered under the policy, Auto-Owners continued to defend K.C.'s. Because Auto-Owners did not refuse to defend K.C.'s at any point in the underlying action, K.C.'s was not at liberty, and was in fact barred from, entering into a settlement with Horton without Auto-Owners' consent. As a result, the trial court erred in finding that the consent judgment was binding upon Auto-Owners.
 {¶ 20} Auto-Owners' sole assignment of error is sustained.
 III. {¶ 21} The judgment of the Summit County Court of Common Pleas is reversed, and the matter remanded for proceedings consistent with this opinion.
Judgment reversed, and cause remanded.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to appellees.
Exceptions.
Slaby, J. Boyle, J. concur.
[1] The exact date that Mr. Lee received the letter dated May 5, 1998, from Tipping is not known. However, it is clear from the "Received" stamp that the letter was received before May 10, 1998.