**NOT RECOMMENDED FOR PUBLICATION**
File Name: 13a0930n.06

No. 12-4340

**FILED**
Oct 30, 2013
DEBORAH S. HUNT, Clerk

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| MDC Acquisition Co., nka WBC Group, LLC, and RGH Enterprises, Inc., | ) | |
| | ) | |
| Plaintiffs-Appellants, | ) | |
| | ) | |
| v. | ) | **ON APPEAL** FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| Traveler's Property Casualty Co. of America, | ) | NORTHERN DISTRICT OF OHIO |
| | ) | |
| Defendant-Appellee. | ) | |
| | ) | |

Before:       MERRITT and CLAY, Circuit Judges, and STAFFORD, District Judge.[*]

**MERRITT, Circuit Judge.**  This case is about the sort of notice an insurer is required to give an insured under Ohio Law before changing the terms of a renewal policy.  The plaintiffs were formerly defendants in a California class action alleging that they violated the Junk Fax Prevention Act by sending over 600,000 unsolicited faxes.  The plaintiffs' insurance company, defendant here, refused to defend or indemnify the class action because the plaintiffs' policies contained an "unsolicited communications exclusion."  The plaintiffs sued for declaratory relief.  The district court denied relief and granted summary judgment to the defendant.  On appeal, the plaintiffs argue that they did not have adequate notice under Ohio law of the "unsolicited communications

---

[*] The Honorable William H. Stafford, Jr., United States District Judge for the Northern District of Florida, sitting by designation.

exclusion" and that, even if they did have adequate notice, denial of coverage under the terms of the exclusion was unjustified. For the reasons below, the judgment of the district court is affirmed.

## I. Background

The plaintiffs in this case are sister companies that sell medical supplies. Part of their business strategy is to drum up sales via fax. In 2009, recipients of the plaintiffs' faxes filed a class-action lawsuit in California state court. The complaint alleged that the faxes were unsolicited and thus violated the Junk Fax Prevention Act of 2005, an amendment to the Telephone Consumer Protection Act of 1991. 47 U.S.C. § 227. The plaintiffs tendered the suit to Travelers, the defendant in this case, but Travelers refused to defend or indemnify the suit. Travelers denied that the injuries alleged in the class action fell within the policies' coverage for "property damage," "advertising injury," and the like. Travelers also said that, even if the alleged injuries fell within the policies' coverage definitions, there would still be no coverage because the plaintiffs' policies contained an "unsolicited communications exclusion." This exclusion provided that the policies would not cover any injuries or damages arising out of unsolicited communications. The exclusion defines "unsolicited communications" as:

> any form of communication, including but not limited to facsimile, electronic mail, postal mail or telephone, in which the recipient has not specifically requested the communication. Unsolicited communications also include but are not limited to communications which are made or allegedly made in violation of the Telephone Consumer Protection Act and any amendments, and/or local or state statutes that bar, prohibit or penalize such communications.

The exclusion appeared in each of the plaintiffs' policies relevant to the period covered by the class action.

The plaintiffs filed this suit for declaratory relief in Ohio state court, requesting indemnification and reformation of the contract to require defense. The plaintiffs argued this was a proper remedy because the "unsolicited communications exclusion" was a recent change to their policies and because they lacked notice of the change. Travelers removed the suit to federal court. The district court granted summary judgment for Travelers. It held that the plaintiffs had actual notice of the policy change; in the alternative, that the plaintiffs had imputed notice under Ohio law; and that either sort of notice was adequate under Ohio law. It further held that the California class action fell within the "unsolicited communications exclusion." Because these holdings were dispositive, the district court did not consider whether the class action alleged a type of injury covered by other terms in the policy. This appeal followed.

## II. Analysis

We review a district court's grant of summary judgment *de novo*. *Flagg v. City of Detroit*, 715 F.3d 165, 178 (6th Cir. 2013). Summary judgment is appropriate if there is no genuine dispute of material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a).

The "unsolicited communications exclusion" first appeared in the plaintiffs' policies for the 2005–2006 coverage year. According to the affidavit of Brenda Wenger, an account manager for Travelers, Wenger sent a letter about the "unsolicited communications exclusion" on March 11, 2005, directly to Edgepark Surgical, a company doing business as plaintiff RGH Enterprises. She sent it to the address of the insured as stated in the insurance policy. She also copied this letter to Palmer & Cay, the insurance broker for both plaintiffs. Attached to the letter was a page marked "**IMPORTANT NOTICE TO POLICYHOLDERS. EXCLUSION – UNSOLICITED**

**COMMUNICATIONS**." The notice explained that the change was meant "to exclude unsolicited communications in a variety of forms, such as . . . unsolicited faxes or telephone calls. Many of these types of communications are now illegal under the Telephone Consumer Protection Act . . . ." The wording of the exclusion as it would appear in the policies was also attached. Additionally, on April 22, 2005, Wenger emailed Palmer & Cay a document labeled "A Commercial Insurance Proposal for: Edgepark Surgical, Inc." This document lists the "unsolicited communications exclusion" as an amendment to the policies.

In response to Wenger's affidavit, plaintiffs submitted the affidavit of Kurt Packer, the Chief Operating Officer of plaintiff RGH Enterprises and the employee responsible for acquiring insurance for both plaintiffs. Packer said that notice of the new exclusion "was never sent to any individual at either company" and that the plaintiffs did not learn of Wenger's March 11 letter before the California class action. However, Packer admitted that the plaintiffs actually received a copy of the letter and that the letter "was ultimately found as page 213 of a 573-page insurance policy binder the companies received from their insurance agent, Palmer & Cay of Ohio, LLC." The question is whether this constitutes adequate notice under Ohio law.

In Ohio, an insured is entitled to assume that a renewed policy of insurance contains the same terms as the original policy. *See J.R. Roberts & Son v. Nat'l Ins. Co.*, 2 Ohio App. 463, 470-71 (1914). As the Ohio Court of Appeals has explained, "[a]n insurer's changes in coverage are invalid and unenforceable unless the insurer provides notice of the changes to its insured." *Allstate Ins. Co. v. Croom*, No. 95508, 2011 Ohio App. LEXIS 1471, at *3 (Ohio Ct. App. Apr. 7, 2011). An insured must have knowledge of a change that narrows a policy's coverage, but "[k]nowledge may be

imputed to the insured, if the notice was presented in such way as to call attention to any material change in the terms of the contract." *Id.* at \*5–\*6. Moreover, "notice is sufficient if it is provided in a separately attached and clearly worded letter describing the modifications." *Id.* at \*6 (internal quotation marks omitted).

In *Croom*, the Ohio Court of Appeals found that a notice similar to the one in this case was sufficient to alert the insured to a policy change. While *Croom* applied to an individual insured and not a corporation, application of its basic principles compels a ruling in favor of Travelers. Travelers gave a conspicuous separate notification of the change, noting the exclusion in bold and explaining succinctly that the new policy would not cover alleged violations of the Telephone Consumer Protection Act. It did not bury the change in the policy *sub silentio*.

The plaintiffs' arguments to the contrary are exceedingly weak. Basically, they say that Travelers should have addressed its letter to "some living soul" rather than the corporation itself. Even if Travelers could not assume that mail addressed to the corporation would reach the proper party, Travelers did not send notification of the change only to the corporation. Travelers sent it also to the plaintiffs' insurance broker as their agent. The broker actually provided the notice to the plaintiffs in a binder. Although this binder was voluminous, so too were the plaintiffs' insurance needs. The plaintiffs' failure to read the contents of the binder does not make the notice inadequate under Ohio law. In sum, Travelers provided sufficient notice to the plaintiffs' broker, and the broker actually passed that notice to the plaintiffs. The means by which the broker transmitted the notice does not somehow swing the outcome in the plaintiffs' favor.

The plaintiffs also argue that the "unsolicited communications exclusion" should not be interpreted to preclude defense of the California class action. To determine whether an insurance company has a duty to defend, Ohio courts ask whether there is any set of facts alleged in the underlying complaint that would invoke coverage if proven true. *See Cincinnati Indem. Co. v. Martin*, 710 N.E.2d 677, 678 (Ohio 1999). Here, the exclusion precludes defense against a suit for injuries arising from "communications which are made or allegedly made in violation of the Telephone Consumer Protection Act and any amendments," including the Junk Fax Prevention Act. The sole allegation in the underlying complaint is that the plaintiffs violated the Junk Fax Prevention Act by sending unsolicited faxes. The California class action thus falls squarely within the terms of the exclusion.

The plaintiffs try to escape this conclusion by arguing that their faxes included an opt-out notice and that they had an established business relationship with the plaintiffs in the California class action. If true, these facts would provide the plaintiffs with affirmative defenses to the California suit. However, Ohio courts do not test the merits of a suit when determining if a duty to defend arises. *See Sanderson v. Ohio Edison Co.*, 635 N.E.2d 19, 21 (Ohio 1994). Insurers need not consider matters outside the pleadings "where the complaint does not state a claim that arguably triggers coverage." *Motorists Mut. Ins. Co. v. Nat'l Dairy Herd Improvement Ass'n*, 750 N.W.2d 1169, 1176 (Ohio Ct. App. 2001); *accord Ferro Corp. v. Cookson Grp., PLC*, 585 F.3d 946, 951 (6th Cir. 2009). Even if we broadened our focus to consider affirmative defenses, the plaintiffs' argument would fail on the merits. The defense the plaintiffs invoke requires the faxes to contain

an adequate opt-out notice. *See* 47 U.S.C. § 227(b)(1)(C). The opt-out language[1] contained in the faxes attached to the California complaint did not meet this standard. For example, the notice is required to state that failure to timely comply with a recipient's opt-out request is unlawful. 47 U.S.C. § 227(b)(2)(D)(ii). The plaintiffs' faxes did not satisfy this requirement. In the end, Travelers has no duty to defend against the California class action. Moreover, Travelers had no duty to indemnify because the duty to indemnify is narrower than the duty to defend. *See Westfield Ins. Co. v. HealthOhio, Inc.*, 597 N.E.2d 179, 183 (Ohio Ct. App. 1992).

### III. Conclusion

Travelers had no duty to defend or indemnify under the terms of the "unsolicited communications exclusion," and the plaintiffs had adequate notice of the exclusion. Accordingly, for the reasons stated above and the reasons stated in the comprehensive opinion of District Judge Dowd, the judgment of the district court is affirmed.

---

[1]Each of the plaintiffs' faxes contained the following language in small print at the bottom of the page: "If you have received this fax in error or wish to be removed from our list, please write your company's name and fax number on this fax sheet and fax it to 1-800-577-4632." This language appears in the middle of a longer paragraph.