In re: SANDUSKY WELLNESS
CENTER, LLC, Petitioner.

No. 14–0301.

United States Court of Appeals,
Sixth Circuit.

June 12, 2014.

Before: MOORE, COLE, and
GIBBONS, Circuit Judges.

## AMENDED ORDER

Plaintiff Sandusky Wellness Center, LLC petitions for permission to appeal the district court's denial of class certification in a suit under the Telephone Consumer Protection Act of 1991, as amended by the Junk Fax Prevention Act of 2005, 47 U.S.C. § 227 ("the Act"), arising from the defendants' transmission of thousands of facsimiles promoting their products and seminars. The defendants oppose the petition.

We may, in our discretion, permit an appeal from an order denying certification of a class action. Fed.R.Civ.P. 23(f). Although there is no definitive test for granting permission to appeal, interlocutory appeals should not be routinely accepted. *In re Delta Air Lines,* 310 F.3d 953, 959 (6th Cir.2002). Factors that we may consider include: (1) whether the petitioner is likely to succeed on appeal under the deferential abuse-of-discretion standard; (2) whether the cost of continuing the litigation for either the plaintiff or the defendant presents such a barrier that subsequent review is hampered; (3) whether the case presents a novel or unsettled question of law; and (4) the procedural posture of the case before the district court. *Id.* at 960.

The sole basis of the district court's decision denying class certification was that there were no "questions of law or fact common to the class." *See* Fed. R.Civ.P. 23(a)(2). The district court, however, failed to consider whether the facsimiles transmitted by the defendants contained opt-out notices or whether those opt-out notices were adequate. If the notices were absent or inadequate, commonality might be present. *See Ira Holtzman, C.P.A. v. Turza,* 728 F.3d 682, 684 (7th Cir.2013); *see also MDC Acquisition Co. v. Traveler's Prop. Cas. Co. of Am.,* 545 Fed.Appx. 398, 401 (6th Cir.2013); *Nack v. Walburg,* 715 F.3d 680 (8th Cir.2013). Moreover, "[t]he denial of a plaintiff class sometimes defeats the case as a practical matter because the stakes are too small and the litigations costs are too high for the individual plaintiff to go forward." *In re Delta Airlines,* 310 F.3d at 957. Such is the case here, where an individual's recovery is limited to a maximum of $1,500. 47 U.S.C. § 227(b)(3).

Nonetheless, the procedural posture of this case weighs against review. The district court's failure to address the impact of an absent or inadequate opt-out notice is critical to the continued viability of the underlying suit. Further, the district court only considered whether commonality was present, and not whether any of the other requisite factors for certification were present. *See* Fed.R.Civ.P. 23(a), (b). Thus, it is premature for us to consider the issue raised here.

The petition for permission to appeal is **GRANTED** insofar as the district court failed to analyze all of the relevant arguments concerning commonality and failed to engage in a rigorous analysis of all of the Rule 23 class certification factors. The order denying class certification is **VA-**

438

**CATED,** and the case is **REMANDED** to the district court for further proceedings.