[Cite as *Ohio Cas. Ins. Co. v. Mansfield Plumbing Prod., L.L.C.*, 2011-Ohio-4523.]

COURT OF APPEALS
ASHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

THE OHIO CASUALTY INSURANCE COMPANY

        Plaintiff-Appellee

-vs-

MANSFIELD PLUMBING PRODUCTS, LLC

        Defendant-Appellant

JUDGES:
: Hon. W. Scott Gwin, P.J.
: Hon. Sheila G. Farmer, J.
: Hon. Julie A. Edwards, J.
:
:
: Case No. 2011-COA-009
:
:
: O P I N I O N

| | |
|---|---|
| CHARACTER OF PROCEEDING: | Civil appeal from the Ashland County Court of Common Pleas, Case No. 07CIV467 |
| JUDGMENT: | Affirmed |
| DATE OF JUDGMENT ENTRY: | September 7, 2011 |
| APPEARANCES: | |

| | |
|---|---|
| For Plaintiff-Appellee | For Defendant-Appellant |
| ROBERT W. YOUNG<br>3399 Pinnacle Lane<br>Mason, OH 45040 | REGINALD S. KRAMER<br>COLIN G. SKINNER<br>OLDHAM KRAMER<br>195 South Main Street<br>Akron, OH 44308-1314 |

*Gwin, P.J.*

**{¶1}** Defendant-appellant Mansfield Plumbing Products, LLC appeals a judgment of the Court of Common Pleas of Ashland County, Ohio, which affirmed the decision of the magistrate to whom the matter was referred. The magistrate found plaintiff-appellee the Ohio Casualty Insurance Company had no obligation to defend, indemnify, or provide coverage for claims for damages arising from the failure of a component of one of appellant's products. Appellant assigns two errors to the trial court:

**{¶2}** "I. THE TRIAL COURT ERRED IN ADOPTING THE MAGISTRATE'S DECISION WHICH IGNORED, OR NULLIFIED, A VALID STIPULATION OF THE PARTIES.

**{¶3}** "II. THE TRIAL COURT ERRED IN ADOPTING THE MAGISTRATE'S DECISION WHEREIN THE MAGISTRATE ERRONEOUSLY CONSTRUED THE CONTRACTUAL LOSS IN PROGRESS EXCLUSION."

**{¶4}** The issue in this case is whether the "loss in progress" exclusion contained in the parties' contracts of insurance was properly before the magistrate, and if so, whether it precludes appellant's recovery.

**{¶5}** The matter was submitted to the magistrate on cross motions for summary judgment. The magistrate found the relevant facts of the case are undisputed. Appellant produces various plumbing parts and fixtures. In the spring of 2002, appellant purchased a resin identified as Geon 210 from PolyOne Corporation, which is not a party to the lawsuit. Appellant used the Geon 210 resin to manufacture a toilet component known as a hush tube. Appellant installed the hush tubes made from Geon

210 in toilets which were subsequently sold to third-party consumers. In August 2002, appellant became aware of cracks developing in some of the hush tubes produced from Geon 210 resin. Many of appellant's customers suffered property damage as a result of cracked hush tubes, and numerous damage claims were submitted by the customers between 2002 and 2005.

{¶6} In the years 2003 and 2004, appellant contracted with Federal Insurance Company to provide primary liability insurance coverage. The primary policies had a policy limit of $1,000,000 of coverage per occurrence. The policies also required a $500,000 per occurrence self-insured retention, which operates like a deductible.

{¶7} Appellant also purchased excess insurance policies from appellee for the years 2003 and 2004. The 2003 excess policy provided coverage of up to $25,000,000 per occurrence, while the 2004 excess policy provided $5,000,000 in coverage per occurrence. The excess policies were only triggered by exhaustion of the primary liability policies. This means before appellee's policies would apply, appellant would be required to pay the first $500,000 of damages arising out of each occurrence, and the primary policy would pay the next $1,000,000 in damages.

{¶8} Ultimately, appellant paid third-party property damage claimants $3,781,675.74 for damages caused by the failure of the hush tubes during the years 2003 and 2004. The primary insurance company recognized all the hush tube failures in any given policy year as one occurrence, and paid appellee $1,000,000 for each of the relevant policy years. Appellant paid its self-insured retention of $500,000 for each policy year.

**{¶9}** The magistrate's decision reviewed two specific terms in the excess policy. The excess policy provides it will insure appellant against "bodily injury or property damage that occurs during the policy period." The primary policy defines the word "occurrence" as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions." The magistrate noted the excess policies for 2003 and 2004 are "follow form" policies, which means they adopt the terms of the primary policies unless they specifically state otherwise.

**{¶10}** The second policy term in dispute is the "loss in progress" exclusion. The excess policy excludes "bodily injury or property damage that is a *** continuation or resumption of any bodily injury or property damage known *** prior to the beginning of the policy period, to have occurred." Appellee successfully argued to the magistrate and the court that appellant knew its toilets malfunctioned in 2002, prior to its purchase of the excess policy. Appellee argued because appellant knew of the damage, even if the damage fell within the policy period, it was excluded.

I.

**{¶11}** Appellant's first assignment of error urges the trial court erred in adopting the magistrate's decision because the magistrate considered a policy exclusion that was beyond the scope of the issues and the stipulation presented.

**{¶12}** The joint stipulation filed by the parties on May 6, 2010 provides that if the court finds there was one occurrence under the primary liability insurance contracts, then appellant "*** sustained a net loss, in excess of itself-insured retentions and primary insurance, of $781,675.74, for which it is entitled to recovery, together with interest on said amount *** subject to the court's ruling on the legal issues described

and set forth in paragraph four below". In the alternative, if the court found each third party damage claim was a separate occurrence, then appellee's policies would not apply. The stipulation provided the parties reserved all rights to appeal the rulings of the court, and the right to supplement the record on the remaining legal issues.

{¶13} It is appellant's position that because the stipulation does not expressly refer to the loss in progress provision, the magistrate should not have considered it Appellant also argues, appellee had waived any argument regarding the exclusion by omitting it from the stipulation.

{¶14} Appellee asserts the joint stipulation does not provide that the loss in progress exclusion is inapplicable to the case. Appellee also argues the stipulated provision reserving the right to supplement the record on the legal issues means it has not waived its arguments regarding the applicability of the loss in progress coverage exclusion. In fact, appellee argues appellant specifically admitted the loss in progress issue is potentially determinative of the case, and never moved to strike any of the arguments appellee raised regarding the loss in progress exclusion.

{¶15} The magistrate found it is irrelevant whether there was a single occurrence or multiple occurrences in this case, because the plain language of the parties' contracts excluded any disputed damages from coverage. The magistrate found the loss in progress provision excludes property damage that is a continuation or resumption of any bodily injury or property damage known by appellant before the beginning of the policy period. Stated simply, the magistrate found because appellant knew about the defective resin in 2002, the policies issued in 2003 and 2004 do not cover any damages caused by the defective resin.

**{¶16}** We find the court did not err in construing the loss in progress provision, and we agree the loss in progress provision excludes damages occurring prior to the beginning of the policy period, of which appellant knew prior to purchasing the policy.

**{¶17}** The first assignment of error is overruled.

II.

**{¶18}** In its second assignment of error, appellant argues if the loss in progress exclusion was properly before the court, then the court misconstrued the provision, and it does not bar appellant's recovery.

**{¶19}** Appellant asserts even if the occurrence that caused the damages took place in 2002, the damage did not immediately manifest itself until later. Appellant asserts the excess coverage applies to damages that occurred during the policy periods, and it had no way of knowing when any future property damage claims might arise or how extensive they would be. Appellant urges the policies were in effect when the property damage actually developed.

**{¶20}** As the magistrate properly found, even if we were to find each damage claim is a separate occurrence, the damages all arose from use of the defective resin, and appellant knew prior to purchasing the policies that the hush tubes were failing and causing damage to third parties. We agree with the court the failing of the hush tubes is a continuation of property damage and is excluded by the loss in progress provision.

**{¶21}** The second assignment of error is overruled.

**{¶22}** For the foregoing reasons, the judgment of the Court of Common Pleas, of Ashland County, Ohio, is affirmed.

By Gwin, P.J.,

Farmer, J., and

Edwards, J., concur

_____
HON. W. SCOTT GWIN

_____
HON. SHEILA G. FARMER

_____
HON. JULIE A. EDWARDS

WSG:clw 0809IN THE COURT OF APPEALS FOR ASHLAND COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| THE OHIO CASUALTY INSURANCE COMPANY | : | |
| | : | |
| Plaintiff-Appellee | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| MANSFIELD PLUMBING PRODUCTS, LLC | : | |
| | : | |
| Defendant-Appellant | : | CASE NO. 2010-CAF-03-0024 |

For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas, of Ashland County, Ohio, is affirmed. Costs to appellant.

_____
HON. W. SCOTT GWIN

_____
HON. SHEILA G. FARMER

_____
HON. JULIE A. EDWARDS